RODDIS PLYWOOD CORPORATION, Appellant, vs. DORCHESTER FURNITURE COMPANY, Respondent.*

*October 5—November 9, 1954.*

* Motion for rehearing denied, without costs, on January 11, 1955.

The cause was submitted for the appellant on the brief of *Jensen & Nikolay* of Medford, and for the respondent on the brief of *Leicht, Curran & Scott* of Medford.

BROWN, J. No question is raised concerning the sufficiency of the notice defendant gave to plaintiff of defective materials or of its intention to hold plaintiff in damages.

Plaintiff has treated this action as though defendant attempted to rescind the sale for breach of warranty and failed

to make the rescission effective by neglecting to offer to return the materials. Defendant's procedure was not that of rescission but was, by reason of his counterclaim, an action for damages sustained by the breach of warranty. Sec. 121.69, Stats., provides the remedies open to a buyer for breach of warranty. Sec. 121.69 (1) (b) authorizes him to keep the goods and maintain an action against the seller for damages for the breach of warranty. This is what defendant did. Sub. (6) of said section establishes the measure of damages as the loss directly resulting in the ordinary course of events from the breach. Sub. (7) says that such loss, in the absence of special circumstances showing damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty.

Plaintiff insists that since defendant did not rescind and return the material, it is liable for the purchase price and the sum of $500 must be offset against the items of damage found by the jury. Defendant testified that the materials supplied by the plaintiff were worthless. If it had paid the contract price for worthless materials it would be entitled to recover that also under subs. (6) and (7) of sec. 121.69, Stats., as an element of the damage which it had sustained. As it had not paid, it cannot recoup this amount. By the verdict the buyer has been charged with the actual value of the materials including salvage value and under the statute and the evidence here the seller is entitled to no greater offset against the damage the buyer has suffered. To apply plaintiff's theory, the buyer would recover $338 on an established loss of $838.

The plaintiff also insists that there was no implied warranty by plaintiff or the salesman. Sec. 121.15 (1), Stats., states:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods

are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

, Defendant's evidence showed that plaintiff's representative was shown the manufacturing process and he stated that the materials it was selling were ideal for the purpose. If the jury believed the salesman made the direct statement, an express warranty would arise. The evidence is ample to permit a jury to find that there was at least an implied warranty.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, with $25 costs, on January 14. 1955.